Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000071
09-APR-2020
09:06 AM

NO. CAAP-18-0000071
(Consolidated with Nos. CAAP-18-0000312 and CAAP-18-0000388)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-18-0000071**
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION
TRUST, Plaintiff-Appellee,
v.
TERRENCE RYAN AND LUCILLE RYAN, Defendants-Appellants,
and
FIRST LIGHT ENTERPRISES LLC; BLUE WATER ALLIANCE, LLC;
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0306)


and

**CAAP-18-0000312**
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION
TRUST, Plaintiff-Appellee,
v.
TERRENCE RYAN AND LUCILLE RYAN, Defendants-Appellants,
and
FIRST LIGHT ENTERPRISES LLC; BLUE WATER ALLIANCE, LLC;
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0306)


and

CAAP-18-0000388
WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION
TRUST, Plaintiff-Appellee,
v.
TERRENCE RYAN AND LUCILLE RYAN, Defendants-Appellants,
and
FIRST LIGHT ENTERPRISES LLC; BLUE WATER ALLIANCE, LLC;
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; and DOE GOVERNMENTAL
UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 12-1-0306)

MEMORANDUM OPINION
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

These consolidated appeals arise from a single mortgage foreclosure case. In **CAAP-18-071,** Defendants-Appellants Terrence Ryan (**Terrence**)[1] and Lucille Ryan (**Lucille**) (collectively, the **Ryans**) seek to appeal from the judgment and three post-judgment orders entered by the Circuit Court of the Fifth Circuit:[2]

1.  September 20, 2017 order granting summary judgment in favor of Plaintiff-Appellee Wilmington Savings Fund Society, FSB (**Wilmington**) (**Foreclosure Order**);

2.  September 20, 2017 judgment in favor of Wilmington (**Foreclosure Judgment**);

3.  December 8, 2017 order denying their motion to reconsider the Foreclosure Order and the Foreclosure Judgment and to set aside their defaults (**Order Denying Reconsideration of Foreclosure**);

4.  January 31, 2018 order denying their ex parte motion for extension of time to file a notice of appeal from the Order Denying Reconsideration of Foreclosure (**Order Denying Ex Parte Extension Motion**); and

---

[1]     Because the Defendants-Appellants share the same surname, we refer to them by their given names when necessary to avoid confusion.

[2]     The Honorable Kathleen N.A. Watanabe presided.

2

5.  February 6, 2018 order denying their <u>ex parte</u> motion to advance the hearing on their February 2, 2018 hearing motion for extension of time to file notice of appeal (**Order Denying Hearing Advancement**).

We lack jurisdiction to review the Foreclosure Order, Foreclosure Judgment, Order Denying Reconsideration of Foreclosure, and Order Denying Hearing Advancement. We affirm the January 31, 2018 Order Denying <u>Ex Parte</u> Extension Motion for the reasons explained below.

In **CAAP-18-312**, the Ryans appeal from the:

6.  March 8, 2018 order denying their February 2, 2018 motion for reconsideration of <u>Ex Parte</u> Appeal Extension Denial (**Order Denying Reconsideration of Ex Parte Appeal Extension Denial**).

For the reasons explained below, we affirm.

And in **CAAP-18-388**, the Ryans appeal from the:

7.  April 5, 2018 order denying their hearing motion for extension of time to file notice of appeal (**Appeal Extension Denial**).

For the reasons explained below, we affirm.

### Procedural History

This case has a long, complicated history. A foreclosure complaint was filed on October 30, 2012, by Bank of America, N.A. It alleged, among other things, that the Ryans had defaulted on a promissory note payable to Bank of America and secured by a mortgage on real property located in Kalāheo on the island of Kaua'i. On September 18, 2014, Green Tree Servicing, LLC substituted as the plaintiff. On July 20, 2016, Ditech Financial LLC substituted as the plaintiff. On December 22, 2016, Wilmington substituted as the plaintiff.

Between November 7, 2012, and April 1, 2013, Bank of America unsuccessfully attempted to personally serve the foreclosure complaint upon the Ryans in Kalāheo, Kaua'i, Eastham, Massachusetts, Rainier, Washington, and Yelm, Washington. On February 20, 2015, the circuit court entered an order authorizing

3

service upon the Ryans by certified mail. Terrence was served with the complaint on March 13, 2015, at an address in Yelm, Washington. Lucille was served with the complaint on March 19, 2015, at an address in Rainier, Washington. Accordingly, Terrence's answer to the complaint was due on April 2, 2015,[3] and Lucille's answer was due on April 8, 2015.

On March 23, 2015, a self-represented Terrence filed a motion requesting a 120-day extension of time to respond to the complaint.[4] Terrence's motion stated:

> Defendants currently reside in the State of Washington are [sic] seeking assistance concerning this matter, but due to time, distance and resource limitations, Defendants have not been given the opportunity to adequately locate and retain local State of Hawaii counsel and consult with such counsel, and for this reason requests [sic] an additional 120 days to respond.

The motion did not include a notice of hearing, as required by Rule 7 of the Rules of the Circuit Courts of the State of Hawai'i (**RCCH**). The motion did not comply with RCCH Rule 7.2 ("Civil motions practice"), which prescribes procedures for obtaining a hearing date and submitting copies of the motion to the assigned judge. The circuit court did not rule on the motion before Terrence's and Lucille's answers became due. The Ryans never answered the foreclosure complaint.

On April 27, 2017, more than two years after the Ryans' answers were due, Wilmington requested and the circuit court clerk entered the Ryans' defaults.[5] The entry of default was served by mail upon the Ryans at the same addresses where they

---

[3] Rule 12(a)(1) of the Hawai'i Rules of Civil Procedure (**HRCP**) provides, in relevant part: "A defendant shall serve an answer within 20 days after being served with the summons and complaint[.]"

[4] The motion also sought an extension of time for Lucille, but Lucille did not sign the motion. Terrence, who is not licensed to practice law in Hawai'i, could not have signed the motion on Lucille's behalf. See Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979).

[5] HRCP Rule 55 provides, in relevant part:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

were served with the foreclosure complaint.  As of this point, the circuit court had not entered an order on Terrence's motion for extension of time.

Wilmington moved for summary judgment and a decree of foreclosure on June 21, 2017.  The hearing was set for September 5, 2017.

On August 31, 2017, the Ryans — through counsel — filed an untimely memorandum in opposition to Wilmington's motion for summary judgment.[6]  They did not submit affidavits or declarations.  They did not controvert that they signed the promissory note and mortgage, or that they failed to make the payments due under the promissory note.  They did not contest the amount of their debt.  Their sole argument was that Wilmington's motion failed to establish that Bank of America (the <u>original</u> holder of the Ryans' promissory note) was the holder when it filed the complaint, citing <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 390 P.3d 1248 (2017) (holding that <u>assignee</u> of note and mortgage must establish entitlement to enforce note at the time action was commenced).  The Ryans did not ask to have their defaults set aside, nor did they move to set aside their defaults at that time.

Wilmington's motion for summary judgment was heard on September 5, 2017.  The Ryans appeared through counsel.  After hearing arguments, the circuit court noted that the Ryans had never moved to set aside their defaults, and orally granted Wilmington's motion.  The **Foreclosure Order** and the **Foreclosure Judgment** were entered on September 20, 2017.  Notice of entry of the Foreclosure Judgment was mailed to the Ryans' counsel on September 20, 2017.

On September 29, 2017, the Ryans moved for reconsideration of the Foreclosure Order and the Foreclosure Judgment (which was a judgment by default under HRCP Rule 55(b)(2) because

---

[6]     RCCH Rule 7(b) provides, in relevant part:

An opposing party may serve and file . . . a memorandum in opposition to the motion, which shall be served and filed <u>not less than 8 days</u> before the date set for the hearing[.]

(Underscoring added.)

entry of the Ryans' defaults had never been set aside). The motion for reconsideration also requested that the Ryans' defaults be set aside. The motion was not supported by an affidavit or declaration from either of the Ryans. The circuit court denied the motion; the **Order Denying Reconsideration of Foreclosure** was entered on December 8, 2017.

At some time before January 31, 2018, the Ryans submitted an ex parte motion for an extension of time to file a notice of appeal from the Order Denying Reconsideration of Foreclosure. The ex parte motion was dated January 26, 2018. The ex parte motion was stamped "DENIED" by the circuit court and the **Order Denying Ex Parte Extension Motion** was entered on January 31, 2018.

On February 2, 2018, the Ryans filed a motion for reconsideration of the Order Denying Ex Parte Extension Motion. The circuit court denied the motion. The **Order Denying Reconsideration of Ex Parte Appeal Extension Denial** was entered on March 8, 2018.

Also on February 2, 2018, the Ryans filed a motion for extension of time to file a notice of appeal as a hearing motion, along with an ex parte motion to advance the hearing date for the motion for extension. The ex parte motion to advance hearing date was stamped "DENIED" and the **Order Denying Hearing Advancement** was entered on February 6, 2018. The hearing on the motion for extension of time to file notice of appeal was set for March 6, 2018. During the hearing, the circuit court orally denied the motion. The **Appeal Extension Denial** was entered on April 5, 2018.

Meanwhile, on February 6, 2018, the Ryans filed a notice of appeal from the **Foreclosure Order, Foreclosure Judgment, Order Denying Reconsideration of Foreclosure, Order Denying Ex Parte Extension Motion,** and **Order Denying Hearing Advancement.** This resulted in **CAAP-18-071.**

On April 6, 2018, the Ryans filed a notice of appeal from the March 8, 2018 **Order Denying Reconsideration of Ex Parte Appeal Extension Denial.** This resulted in **CAAP-18-312.**

On May 4, 2018, the Ryans filed a notice of appeal from the April 5, 2018 **Appeal Extension Denial**. This resulted in **CAAP-18-388**.

We consolidated these appeals on August 13, 2018.

### CAAP-18-071

The **Foreclosure Order** and **Foreclosure Judgment** were immediately appealable. Hawaii Revised Statutes **(HRS)** § 667-51(a)(1) (2016); see Reyes-Toledo, 139 Hawai'i at 371-72, 390 P.3d at 1258-59. When the Foreclosure Order and Foreclosure Judgment were filed, Rule 4 of the Hawai'i Rules of Appellate Procedure (eff. July 1, 2016) **(HRAP)** provided, in relevant part:

> APPEALS - WHEN TAKEN.
>
> (a) Appeals in civil cases.
>
> (1) TIME AND PLACE OF FILING. When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.
>
> . . . .
>
> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion . . . to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, and court . . . rules specify the time by which the motion shall be filed, then the time for filing the notice of appeal is extended for all parties until 30 days after entry of an order disposing of the motion.

Thus, a notice of appeal from the Foreclosure Order and Foreclosure Judgment was due 30 days after September 20, 2017, unless a timely motion for reconsideration was filed.

The Ryans moved for reconsideration of the Foreclosure Judgment on September 29, 2017, citing HRCP Rules 59(e) and 60(b). HRCP Rule 59 provides, in relevant part:

> NEW TRIALS; AMENDMENT OF JUDGMENTS.
>
> . . . .
>
> (e) Motion to alter or amend judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

(Underscoring added.) Because the Ryans' motion for reconsideration was filed within 10 days after entry of the Foreclosure Judgment, the deadline for the Ryans to appeal from the Fore-

closure Judgment was extended until 30 days after entry of an order disposing of the motion. The **Order Denying Reconsideration of Foreclosure** was entered on December 8, 2017, making a notice of appeal from the Foreclosure Order, Foreclosure Judgment, and Order Denying Reconsideration of Foreclosure due on January 8, 2018.[7] The Ryans' first notice of appeal (creating **CAAP-18-071**) was not filed until February 6, 2018. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986). We lack jurisdiction to review the **Foreclosure Order, Foreclosure Judgment,** and **Order Denying Reconsideration of Foreclosure.**

In addition, although the February 6, 2018 notice of appeal was filed within 30 days after entry of the February 6, 2018 **Order Denying Hearing Advancement,** a trial court's ruling on a motion to shorten time for, advance, or reschedule a hearing is not subject to review or reconsideration. <u>See</u> RCCH Rule 7.2(g)(5)(A).

The January 31, 2018 **Order Denying <u>Ex Parte</u> Extension Motion** was immediately appealable. <u>See</u> <u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (holding that "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished.") The February 6, 2018 notice of appeal was filed within 30 days after entry of that post-judgment order. We have jurisdiction over the Ryans' appeal from the **Order Denying <u>Ex Parte</u> Extension Motion.**

On about January 26, 2018, the Ryans submitted their <u>ex parte</u> motion for extension of time to file a notice of appeal from the December 8, 2017 **Order Denying Reconsideration of Foreclosure** under RCCH Rule 7.2(f) (eff. July 1, 2014). The rule provides:

---

[7] The 30th day after December 8, 2017, was Sunday, January 7, 2018. Accordingly, the deadline to file a notice of appeal was Monday, January 8, 2018. <u>See</u> HRAP Rule 26(a).

> **Ex parte motions.** A motion entitled to be heard <u>ex parte</u> shall:
>
> (1) cite the statute, rule, or other authority authorizing the court to entertain the motion <u>ex parte</u>;
>
> (2) be supported by an affidavit or declaration stating the reason(s) for filing the motion <u>ex parte</u>, the efforts made to notify parties, and, if the motion is to shorten time or advance a hearing pursuant to subsection (g)(5) of this Rule, the efforts made to obtain a stipulation or response from the other parties in the case or the reason(s) why no attempt was made;
>
> (3) be accompanied by a proposed order; and
>
> (4) be served on the date that the motion was presented to the court.

The Ryans' request for an extension of time to file their notice of appeal was made pursuant to HRAP Rule 4(a)(4), which provides:

> (A) <u>Requests for extensions of time before expiration of the prescribed time</u>. The court or agency appealed from, upon a showing of good cause, may extend the time for filing a notice of appeal upon motion filed within the time prescribed by subsections (a)(1) through (a)(3) of this Rule. However, no such extension shall exceed 30 days past such prescribed time. ***An extension motion that is filed before the expiration of the prescribed time may be <u>ex parte</u> unless the court or agency otherwise requires.***
>
> (B) <u>Requests for extensions of time after expiration of the prescribed time</u>. The court or agency appealed from, upon a showing of excusable neglect, may extend the time for filing the notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by subsections (a)(1) through (a)(3) of this Rule. However, no such extension shall exceed 30 days past the prescribed time. ***Notice of an extension motion filed after the expiration of the prescribed time shall be given to the other parties in accordance with the rules of the court or agency appealed from.***

(Emphasis added.) HRAP Rule 4(a)(4) allows an <u>ex parte</u> motion for extension of time to file a notice of appeal only if the motion is filed before expiration of the original deadline to appeal. The Ryans' motion, being submitted on January 26, 2018 (after expiration of the January 8, 2018 appeal deadline), should not have been filed <u>ex parte</u>. The circuit court properly stamped "DENIED" on the <u>ex parte</u> motion and filed it on January 31, 2018. We affirm the circuit court's January 31, 2018 **Order Denying <u>Ex Parte</u> Extension Motion.**

9

### CAAP-18-312

The Ryans' April 6, 2018 notice of appeal (which created **CAAP-18-312**) was filed within 30 days after entry of the March 8, 2018 **Order Denying Reconsideration of _Ex Parte_ Appeal Extension Denial.** We have jurisdiction to review that order. "An order granting or denying a motion for reconsideration is reviewed for abuse of discretion; an abuse of discretion occurs where the circuit court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." _Tax Appeal of Subway Real Estate Corp. v. Dir. of Taxation, State of Haw._, 110 Hawai'i 25, 30, 129 P.3d 528, 533 (2006) (cleaned up and reformatted).

As explained above, the Ryans' motion for extension of time to file notice of appeal was improperly filed as an _ex parte_ motion because the time to appeal had already expired. HRAP Rule 4(a)(4)(B) required that "[n]otice . . . be given to the other parties in accordance with the rules of the court . . . appealed from." The circuit court did not abuse its discretion by denying reconsideration. The March 8, 2018 **Order Denying Reconsideration of _Ex Parte_ Appeal Extension Denial** is affirmed.

### CAAP-18-388

The Ryans' May 4, 2018 notice of appeal (which created **CAAP-18-388**) was filed within 30 days after entry of the **Appeal Extension Denial** on April 5, 2018. We have jurisdiction to review that order. We review under the abuse of discretion standard. _Enos v. Pac. Transfer & Warehouse, Inc._, 80 Hawai'i 345, 349, 910 P.2d 116, 120 (1996).

The Ryans failed to establish "excusable neglect" as required by HRAP Rule 4(a)(4)(B). The order from which they intended to appeal was the **Order Denying Reconsideration of Foreclosure,** entered on December 8, 2017. They contend that their attorney's legal assistant contacted the circuit court on January 2, 2018, to "check on the status" of the order after not seeing the order entered in the Judiciary's Ho'ohiki website. They argue that the legal assistant "was told by the [judge]'s staff that the order was not yet entered and it might be on [the

10

judge]'s desk, that [the judge] was out at the time, and that they will follow up on the following Monday," and it was not until they re-checked Hoʻohiki on January 25, 2018, that they realized the order had been entered on December 8, 2017. Thus, they contend that the circuit court clerk is to blame for their failure to file a timely notice of appeal.

A similar argument was made, and dismissed by the Hawaiʻi Supreme Court, in Enos:

> Pacific Transfer argued, and the trial court implicitly agreed, that the clerk's failure to promptly file a notice of entry of judgment excuses the failure to timely file a notice of appeal. This is in direct contravention of the plain language of HRCP Rule 77(d), which provides in relevant part that:
>
> > Lack of notice of the entry by the clerk, or failure to make such service, does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Hawaiʻi Rules of Appellate Procedure.
>
> Although HRCP Rule 77(d) specifically refers to HRAP Rule 4(a) as providing the only relief for a party's failure to timely file a notice of appeal, nothing in Rule 77(d) suggests that the failure of the clerk to timely notify the parties of the entry of judgment could excuse a party's neglect. A party has an independent duty to keep informed and mere failure of the clerk to notify the parties that judgment has been entered does not provide grounds for excusable neglect or warrant an extension of time. This is especially so where, as here, appellants presented no reason for their failure, for example, to send a messenger to court to look up the relevant date, and we see no forces beyond their control—at least on this record—that prevented them from taking this eminently reasonable step.

Enos, 80 Hawaiʻi at 353, 910 P.2d at 124 (cleaned up). In this case, the circuit court did not abuse its discretion by denying the Ryans' motion to extend time to file notice of appeal. The circuit court's April 5, 2018 **Appeal Extension Denial** is affirmed.

### Conclusion

We lack jurisdiction to review the September 20, 2017 **Foreclosure Order,** the September 20, 2017 **Foreclosure Judgment,** the December 8, 2017 **Order Denying Reconsideration of Foreclosure,** and the February 6, 2018 **Order Denying Hearing Advancement.**

11

The circuit court's January 31, 2018 **Order Denying Ex Parte Extension Motion** is affirmed.

The circuit court's March 8, 2018 **Order Denying Reconsideration of Ex Parte Appeal Extension Denial** is affirmed.

The circuit court's April 5, 2018 **Appeal Extension Denial** is affirmed.

DATED: Honolulu, Hawaiʻi, April 9, 2020.

On the briefs:

Charles R. Prather,
Robin Miller,
Sun Young Park,
Peter T. Stone,
for Plaintiff-Appellee.

Gary V. Dubin,
Frederick J. Arensmeyer,
Matthew K. Yoshida,
for Defendants-Appellants.

/s/ Lisa Ginoza
Chief Judge

/s/ Alexa D.M. Fujise
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge